United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Carlos Sanchez Ramirez, <br> Plaintiff, <br><br> v. <br><br> Attorney General of the United States, Willian Barr, and others <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 20-22545-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order Granting Motion to Dismiss**

Plaintiff Juan Carlos Sanchez Ramirez seeks review of the United States Citizenship and Immigration Services' decision, denying his I-485 application for adjustment of immigration status. (Compl., ECF No. 1.) The Government has filed a motion to dismiss Sanchez's complaint, arguing (1) the Court lacks subject-matter jurisdiction over Sanchez's claims because Sanchez has not exhausted his administrative remedies, or, alternatively, (2) Sanchez fails to state a claim for which relief can be granted. (Defs.' Mot., ECF No. 9.) Sanchez counters the Court does have jurisdiction because the denial of his adjustment application was final and, he maintains, he has stated a claim by alleging the decision to deny his application was arbitrary and capricious. (Pl.'s Resp., ECF No. 12.) The Government has replied, emphasizing its contention that Sanchez's pending asylum petition affords him the opportunity to resolve his adjustment issue and, further, the agency's decision was made in accordance with the law. (Defs.' Reply, ECF No. 14.) After review, the Court agrees with the Government that the Court lacks subject-matter jurisdiction and therefore **grants** the Government's motion to dismiss (**ECF No. 9**) on that basis.

1. **Background**

This case arises from the denial of Sanchez's I-485 application for adjustment of status. (Compl. ¶¶ 1, 57.) Sanchez is a native and citizen of Venezuela. (*Id.* ¶ 23.) He first entered the United States in February 2014, on an F-1 nonimmigrant visa, with permission to remain in the county for the duration of that nonimmigrant status. (*Id.* ¶ 45.) Some six months later, Sanchez's wife, in August 2014, filed an asylum application which included him as a derivative. (*Id.* ¶ 46.) That application remains pending. (*Id.* ¶ 49.) At some point, Sanchez's nonimmigrant status terminated. (*Id.* ¶ 45.)

In the meantime, in July 2018, Metoma Corporation filed an I-140 petition for an alien worker under an EB3 classification on Sanchez's behalf.

(*Id.* at Ex. E.) USCIS approved that application a few weeks later. (*Id* ¶ 49.) Then, once a visa became available in the EB3 visa category, Sanchez filed his I-485 application to adjust his status, in December 2018. (*Id.* ¶ 57.) In July and September 2019, USCIS asked Sanchez to submit evidence showing that he maintained his nonimmigrant status continuously, since his last lawful admission, until the filing of his I-485. (*Id.* ¶¶ 58.) Sanchez responded to the request, but his application was nonetheless denied, in October 2019. (*Id.* ¶¶ 59–60.)

### 2. Legal Standard

The Federal Rules of Civil Procedure require the dismissal of a claim if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). The party bringing the underlying claim bears the burden of establishing federal subject matter jurisdiction. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Wallace v. Secretary, U.S. Dept. of Homeland Sec.*, 616 Fed. App'x 958, 959 (11th Cir. 2015). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted).

In the context of the Administrative Procedures Act, agency action is subject to judicial review only when it is either (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. In other words, until an agency action or decision becomes final, the APA does not provide a valid basis for subject-matter jurisdiction in a district court. *Ibarra v. Swacina*, 628 F.3d 1269, 1269 (11th Cir. 2010) (quoting *Darby v. Cisneros,* 509 U.S. 137, 146 (1993) ("The APA establishes judicial review is not available until 'an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule.'").

### 3. Discussion

In arguing the Court has subject-matter jurisdiction over his case, Sanchez points to "several courts" that "have held, without more, that the district court has jurisdiction to review" a USCIS decision denying an adjustment application. (Pl.'s Resp. at 4.) In support of its contrary contention,

that the Court lacks subject-matter jurisdiction, the Government argues Sanchez's still-pending asylum application will result, one way or another, in the resolution of his adjustment issue. (Def.'s Mot. at 6.) In making this argument, the Government relies on persuasive case law that is favorable to its position. (*Id.* at 6–7; Def.'s Reply at 3–4.) While the Court recognizes the split of authority on this issue, the Court nonetheless agrees with the Government that Sanchez has not carried his burden of alleging the Court's subject-matter jurisdiction.

There is no Eleventh Circuit precedent directing a result here. In 2010, the Eleventh Circuit pointedly declined to decide the issue. *Ibarra*, 628 F.3d at 1270 ("We do not . . . decide whether we have jurisdiction under the APA if the alien has not yet been placed in removal proceedings.") And, as noted recently, "federal courts of appeals are split on the question whether an alien has exhausted all administrative remedies on the denial of an adjustment application when the alien has not yet been placed in removal proceedings." *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1257 (S.D. Fla. 2020) (Altonaga, J.) (comparing various circuit cases). In urging the Court to find jurisdiction, Sanchez relies on several cases from outside this circuit. The Court finds many of them, however, unpersuasive because either they fail to directly address the jurisdictional issue or they involve key allegations that are absent here.

For example, Sanchez relies on *Tang v. Reno* to support jurisdiction. 77 F.3d 1194 (9th Cir. 1996). But, in *Tang*, this specific issue was not even raised, never mind addressed. *Cabaccang v. U.S. Citizenship & Immigration Services*, 627 F.3d 1313, 1317 (9th Cir. 2010) ("[T]he jurisdictional issue was never raised in *Tang*."). And further, in *Tang*, the court pointedly concluded that no appeal whatsoever was possible from the decision of which the plaintiffs sought review. *Tang*, 77 F.3d at 1196 ("No appeal was possible from that decision."). Here, in contrast, Sanchez has made no showing that further review is impossible. And, finally, in *Tang*, the plaintiffs there sought to challenge the "promulgation and enforcement" of an Immigration and Naturalization Service regulation, rather than an adjustment decision itself. *Id.* at 1195. The Court, therefore, discerns nothing in *Tang* that would persuade the Court that it has jurisdiction in this case.

*Jaa v. U.S. I.N.S.*, another Ninth Circuit case, is similarly unavailing. 779 F.2d 569 (9th Cir. 1986). "In *Jaa,* removal proceedings were already complete and a deportation order had issued." *Cabaccang*, 627 F.3d at 1317. The Court agrees "this distinction is crucial." *Id.* Because removal proceedings in *Jaa* had already been completed, with a deportation order issuing, any possibility of further review was demonstrably foreclosed. *Id.* ("Without a pending removal

proceeding, a denial of status adjustment is final because there is no appeal to a superior administrative authority.") Again, here, Sanchez has not made a similar showing of impossibility.

Sanchez further relies on a third Ninth Circuit opinion to support jurisdiction. In that case, *Chan v. Reno*, the court relied on *Tang* and *Jaa* to sustain its conclusion that the district court had jurisdiction over the plaintiffs' challenges to the INS's denial of their status-adjustment applications. 113 F.3d 1068, 1071 (9th Cir. 1997). There is no indication, however, in *Chan*, regarding the feasibility or likelihood that the plaintiffs there would be able to resolve their adjustment issue through further agency action.

The Court finds this factual wrinkle critical. Here, Sanchez has a pending asylum application. This application "will necessarily resolve" Sanchez's "challenge to the denial of h[is] application for adjustment of status": if his "asylum application is approved, h[is] newfound asylee status would provide [him] with a separate basis to seek adjustment and this action would be effectively rendered moot," or, if his "asylum application is denied, []he will be placed in removal proceedings and will be able to challenge, *de novo*, the USCIS's denial of h[is] adjustment application." *Duque*, 467 F. Supp. 3d at 1258 (cleaned up). Sanchez is not in a position where he must simply "await deportation proceedings that the agency *may or may not* choose to institute." *Pinho v. Gonzales*, 432 F.3d 193, 201 (3d Cir. 2005) (emphasis added). Although Sanchez argues, in his response, that there has been an "extreme delay" in the agency's processing of his asylum application, he supplies no allegations or evidence showing that resolution of his adjustment is, in fact, unlikely or remote. Indeed, Sanchez has failed to present any allegations, or even argument, that he will be foreclosed from "receiv[ing] *the same or nearly identical relief*" through his asylum application. *Canal A Media Holding, LLC v. United States Citizenship & Immigration Services*, 964 F.3d 1250, 1256 (11th Cir. 2020) (emphasis in original) (concluding that because the plaintiff definitively lacked any further opportunity for review whatsoever, the agency's denial of the plaintiff's application was final). Accordingly, the Court finds Sanchez has failed to meet his burden of alleging subject-matter jurisdiction in this case. *See Nolasco v. Crockett*, 958 F.3d 384, 387 (5th Cir. 2020), *opinion withdrawn and superseded on reh'g on other grounds*, 978 F.3d 955 (5th Cir. 2020) ("[F]ederal courts lack jurisdiction over challenges to the denial of aliens' applications for LPR status unless and until the challenge has been exhausted in removal proceedings."); *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (noting that, although the plaintiff could "not directly appeal the immigration judge's denial of her request for adjustment of status, she may, nevertheless, renew her request upon the commencement of removal proceedings" and,

therefore "ha[d] not yet exhausted her administrative remedies," thus preventing the court from exercising jurisdiction); *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (finding the plaintiffs' suit "premature, since, as the plaintiffs acknowledge[d], they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal . . . proceedings against them").

### 4. Conclusion

For the foregoing reasons, the Court **grants** the Government's motion to dismiss (**ECF No. 9**) based on a lack of subject-matter jurisdiction. Because the Court dismisses this case for a lack of jurisdiction, (1) it declines to address the merits of Sanchez's claims; and (2) the dismissal of Sanchez's case with **without prejudice**, subject to refiling once Sanchez has exhausted his administrative remedies.

The Clerk is directed to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on February 5, 2021.

Robert N. Scola, Jr.
United States District Judge